**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P. O. Box 800
Hackensack, New Jersey  07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Proposed Attorneys for Bamboo Abbott, Inc. t/a
Prestige Window Fashions, Debtor-in-Possession

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: HONORABLE MICHAEL B. KAPLAN<br>BAMBOO ABBOTT, INC. t/a : CASE NO. 09-28689 (MBK)<br>PRESTIGE WINDOW FASHIONS :<br>: Chapter 11<br>Debtor-in-Possession. :<br>: |

**DEBTOR'S APPLICATION FOR AN ORDER APPROVING ITS RETENTION OF CITRIN COOPERMAN & COMPANY, LLP AS FINANCIAL ADVISORS PURSUANT TO 11 U.S.C. § 327(a) *NUNC PRO TUNC* TO THE FILING DATE**

TO:    Honorable Michael B. Kaplan
         United States Bankruptcy Judge

The Application of Bamboo Abbott, Inc. t/a Prestige Window Fashions, the within debtor and debtor-in-possession (the "Debtor"), in support of its retention of Citrin Cooperman & Company, LLC ("Citrin Cooperman") as its financial advisors pursuant to 11 U.S.C. § 327(a) *nunc pro tunc* to July 19, 2009 (the "Filing Date"), respectfully states as follows:

**BACKGROUND**

1.    On the Filing Date, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").  Since the Filing Date, the

46758/0001-5866429v1

Debtor has remained in possession of its assets and continued in the management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. A detailed description of the Debtor's business and the facts precipitating the filing of the Debtor's Chapter 11 proceeding are set forth in the Affidavit of Joel S. Botwick in support of the Debtor's various "First Day Motions". Those facts are incorporated herein by reference.

### The Debtor Should be Authorized to Retain Citrin Cooperman Pursuant to Section 327(a) of the Bankruptcy Code

3. As set forth in Section 327(a) of the Bankruptcy Code, a debtor-in-possession, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee [debtor-in-possession] in carrying out the trustee's [debtor-in-possession's] duties under this title." 11 U.S.C. § 327(a). Moreover, Section 1107(b) provides that "a person is not disqualified for employment under Section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

4. Since 2006, Citrin Cooperman has performed tax, accounting, auditing and other financial advisory services to the Debtor. Accordingly, Citrin Cooperman is intimately familiar with the Debtor's business, financial affairs and accounting practices, and is uniquely positioned to continue providing services for the Debtor during its Chapter 11 proceeding. The specific nature and extent of the services Citrin Cooperman will provide on the Debtor's behalf include, but are not limited to, the following:

    (a) assist the Debtor with all operational, strategic, financial and other issues during the Chapter 11 proceeding including, but not limited to, the preparation of schedules,

statements of financial affairs and monthly operating reports, and assist in the development of a plan of reorganization, including, if required, negotiation with other parties, testimony and preparation of a comprehensive liquidation analysis;

  (b) prepare the Debtor's federal tax returns and provide other accounting and tax services including the preparation of annual and semi-annual financial statements;

  (c) conduct annual audits of the Debtor's inventory and 401k plan;

  (d) evaluate any potential sale of assets;

  (e) assist the Debtor in addressing issues with its lenders, creditors and other stakeholders for the purpose of maintaining their support and developing a plan of reorganization;

  (f) analyze and reconcile creditors' claims;

  (g) provide valuation services if requested;

  (h) evaluate the tax implications of possible plans of reorganization, related debt modifications and other tax issues that might arise during this case;

  (i) participate in conferences and teleconferences with the Debtor and its advisors regarding the status of the Chapter 11 proceeding and strategic and financial issues; and

  (j) provide such other services as may be requested by the Debtor in the administration of its bankruptcy case and fulfillment of its duties as a debtor-in-possession.

  5. The Debtor has selected Citrin Cooperman because of the firm's considerable experience in the areas of financial advisory, tax preparation and planning and other areas in which Citrin Cooperman might be asked to assist in this Chapter 11 proceeding. The Debtor believes Citrin Cooperman is duly qualified to provide it with financial advisory services

throughout this proceeding, and that the services of Citrin Cooperman are necessary and essential to the Debtor's performance of its duties as a debtor-in-possession.

6.  The accompanying Certification of Joel A. Cooperman (the "Cooperman Certification") describes the relationships, if any, that Citrin Cooperman has with creditors of the Debtor and other interested parties. As set forth in the Cooperman Certification, Citrin Cooperman does not believe that any of those relationships would foreclose the Debtor's retention of Citrin Cooperman under Sections 327(a) and 101(14) of the Bankruptcy Code in that Citrin Cooperman does not hold or represent any interest adverse to the Debtor, its creditors or estates and is a disinterested person. The Debtor has been informed that Citrin Cooperman will continue conducting a review of its files when additional material parties are identified to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Citrin Cooperman will supplement its disclosure to the Court.

7.  During the ninety (90)-day period before the Filing Date, Citrin Cooperman received the approximate sum of $171,336.00 from the Debtor for contemporaneous services rendered and disbursements and other charges incurred. As a result of those payments, Citrin Cooperman does not hold any claim against the Debtor for pre-petition services rendered.

8.  Before the Filing Date, the Debtor provided Citrin Cooperman with a retainer of $40,000.00 (the "Bankruptcy Retainer"). It is the Debtor's understanding that Citrin Cooperman will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses (including, when appropriate, authority to apply the Bankruptcy Retainer). The Debtor also understands that Citrin Cooperman will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligation under the

Bankruptcy Code or any administrative fee procedure that may be established, to which the Debtor consents.

### Notice

9. The Debtor has served notice of this Application to: (a) the Office of the United States Trustee for the District of New Jersey; (b) its secured creditor or its known counsel; (c) the 20 largest unsecured creditors; and (d) all other known parties in interest as reflected in the accompanying Certificate of Compliance with D.N.J. LBR 2014-1(a).  In light of the nature of the relief requested, the Debtor respectfully submits that such service constitutes good and sufficient notice under the circumstances and that no further notice is necessary.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtor respectfully requests that the Court enter Orders approving its retention of Citrin Cooperman as its financial advisors *nunc pro tunc* to the Filing Date and granting such other relief as the Court deems just and appropriate under the circumstances.

                                                BAMBOO ABBOTT, INC. t/a
                                                PRESTIGE WINDOW FASHIONS

                                                By:     */s/Joel S. Botwick*
Dated: August 4, 2009                                    Joel S. Botwick
                                                          President

46758/0001-5866429v1