Order Filed on
**8/28/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)** COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. A Professional Corporation Court Plaza North 25 Main Street P.O. Box 800 Hackensack, NJ 07602-0800 (201) 489-3000 (201) 489-1536 Facsimile Attorneys for Bamboo Abbott, Inc. t/a Prestige Window Fashions, Debtor-in-Possession | |
| In re: BAMBOO ABBOTT, INC. t/a PRESTIGE WINDOW FASHIONS, Debtor-in-Possession. | Case No. 09-28689 (MBK) Judge: Hon. Michael B. Kaplan, U.S.B.J. Chapter 11 Hearing Date: August 12, 2009, at 1:00 p.m. |

**FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001**

The relief set forth on the following pages, numbered two (2) through fourteen (14), is hereby **ORDERED**.

**DATED: 8/28/2009**

_/s/ Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

46758/0001-5915654v7

(Page 2)
Debtor: BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No. 09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

---

THIS MATTER having been opened to the Court by Bamboo Abbott, Inc. t/a Prestige Window Fashions, the within debtor and debtor-in-possession (the "<u>Debtor</u>"), by and through its attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., for authority to use the cash collateral of Wells Fargo Bank, National Association ("<u>Wells Fargo</u>") in accordance with the terms of set forth in the *Motion for an Order (A) Authorizing the Debtor's Interim and Final Use of Cash Collateral Pursuant to 11 U.S.C. § 361 and 363 and Granting Adequate Protection and (B) Scheduling Final Hearing Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001* (the "<u>Motion</u>") [Docket Nos. 2 and 4]; and in support of the Motion, the Debtor having filed, <u>inter alia</u>, a *Verified Application of in support of the Motion* [Docket No. 4] (the "<u>Verified Application</u>")[1] and the *Affidavit of Joel S. Botwick in Support of the Debtor's Various "First Day Motions" and Entry of an Emergency Interim Order Authorizing Payment of Certain Pre-Petition Payroll and Related Obligations Pending Hearing on "First Day" Motions* [Docket No. 11] (the "<u>First Day Affidavit</u>"); and it appearing that First Day Affidavit, the Motion, together with notice of the hearing thereon, having been given and served by the Debtor on, among others: (1) the Office of the United States Trustee; (2) Wells Fargo and its counsel; (3) the twenty (20) largest unsecured creditors of the Debtor, as reflected in the list submitted pursuant to Fed. R. Bankr. P. 1007(d); (4) Department of Justice; (5) the State of New Jersey Division of

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed in the Verified Application.

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 3)
Debtor:           BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No.          09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

Taxation; and (6) the Attorney General of the State of New Jersey (collectively, the "<u>Notice Parties</u>"); and it further appearing that, on July 20, 2009, the Court held a preliminary hearing (the "<u>Preliminary Hearing</u>") on the Motion and at the conclusion of the Preliminary Hearing entered an *Interim Order Authorizing the Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date* dated July 20, 2009 [Docket No. 25] (the "<u>First Interim Cash Collateral Order</u>"); pursuant to which (i) the Debtor was permitted to use Wells Fargo's cash collateral through and including July 27, 2009, in accordance with the budget attached as Exhibit "A" to the Verified Application (the "<u>Initial Cash Collateral Budget</u>") and (ii) the Court scheduled an interim hearing with respect to the Motion for July 27, 2009 (the "<u>Interim Hearing</u>"); and it further appearing from the Debtor's certificate of service dated July 22, 2009 [Docket No. 33] that the Debtor having served a copy of the First Interim Cash Collateral Order upon, and provided notice of the Interim Hearing to, the Notice Parties; and it further appearing that the Court held the Interim Hearing on the Motion on July 27, 2009, at which Interim Hearing the Court (a) considered the Motion (including the Verified Application and the First Day Affidavit) and the *Objection of Wells Fargo Bank, National Association to Debtor's Motion for Interim and Final Use of Cash Collateral Pursuant to §§ 361 and 363 and Granting Adequate Protection* [Docket No. 44] (the "<u>Wells Fargo Objection</u>") and the arguments of counsel, (b) denied Wells Fargo's objection to the Debtor's interim use of cash collateral pending the Final Hearing (as defined below), (c) deferred consideration of the Wells

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 4)
Debtor: BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No. 09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

---

Fargo Objection and the Debtor's use of cash collateral on a final basis until the Final Hearing, (d) scheduled a final hearing with respect to the Motion for August 12, 2009 (the "Final Hearing"), and (e) authorized the Debtor's continued use of Wells Fargo's cash collateral on an interim basis through and including the Final Hearing (August 12, 2009), in accordance with the Initial Cash Collateral Budget, as modified by and subject to the terms which were memorialized in the *Second Interim Order Authorizing the Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date* entered July 29, 2009 [Docket No. 49] (the "Second Interim Cash Collateral Order" and together with the First Interim Cash Collateral Order, the "Interim Cash Collateral Orders"); and it further appearing from the Debtor's certificate of service dated July 30, 2009 [Docket No. 50] that the Debtor having served a copy of the Second Interim Cash Collateral Order upon, and provided notice of the Final Hearing to, the Notice Parties; and it further appearing that after the Interim Hearing the following additional submissions were submitted to the Court in connection with the Motion: i) the *Reply of the Debtor-in-Possession to Objection of Wells Fargo Bank, National Association to Debtor's Motion for Interim and Final Use of Cash Collateral Pursuant to §§ 361 and 363 and Granting Adequate Protection* [Docket No. 71] (the "Debtor's Reply and Further Supporting Memorandum"); ii) the *Supplemental Objection of Wells Fargo Bank, National Association to Debtor's Motion for Interim and Final Use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Granting Adequate Protection* (the "Wells Fargo Supplemental

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 5)
Debtor: BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No. 09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

---

Objection") [Docket No. 72]; iii) the *Statement of Local 768, IUE-CWA in Support of Debtor's Motion for Interim and Final Use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Granting Adequate Protection* [Docket No. 74] (the "Union Supporting Statement"); and iv) the *Official Committee of Unsecured Creditors' Memorandum of Law in Support of Debtor's Motion for the Interim and Final Use of Cash Collateral* and the *Certification of Charles N. Persing in Support of Motion for an Order Authorizing the Debtor's Interim and Final Use of Cash Collateral Pursuant to 11 U.S.C. § 361 and 363 and Granting Adequate Protection* [Docket No. 75] (collectively, the "Committee Supporting Papers"); and it further appearing that the parties appeared before the Court on the date set forth for the Final Hearing, at which Final Hearing the parties advised the Court of their agreement to the terms upon which the Debtor is permitted to use Wells Fargo's cash collateral on a final basis, the terms of which were set forth on the record, and are memorialized in this Order (the "Final Order"); and the Court having reviewed and considered the Motion, the Wells Fargo Objection, the Debtor's Reply and Further Supporting Memorandum, the Wells Fargo Supplemental Objection, the Union Supporting Statement and the Committee Supporting Papers, in considering the necessity and reasonableness of the terms upon which the Debtor is permitted to use cash collateral on a final basis; and after due deliberation and with good and sufficient cause appearing for the entry of the within Order, it is hereby found:

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

| | |
|---|---|
| (Page 6) | |
| Debtor: | BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS |
| Case No. | 09-28689 (MBK) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 |

A.  **Notice and Hearing**.  Notice of the Motion and of the Preliminary Hearing, the Interim Hearing and the Final Hearing (collectively, the "Hearings") on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.  **Chapter 11 Filed**.  The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on July 19, 2009 (the "Petition Date"), and is presently operating as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

C.  **Statutory Committee Appointed**.  On August 3, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in this Chapter 11 case pursuant to 11 U.S.C. § 1102.

D.  **Pre-Petition Debt**.  Wells Fargo has asserted a claim in the amount of $8,278,258.12 (the "Pre-Petition Debt") as of the Petition Date, secured by liens on substantially all the assets of the Debtor.  Wells Fargo's rights are expressly reserved to amend the amount of the Pre-Petition Debt to reflect certain costs and expenses incurred by Wells Fargo prior to the Petition Date which are payable by Debtor pursuant to the terms of the Credit Agreement (as such term is defined in the Motion), but which have not been processed as of the date hereof and

(Page 7)
Debtor:            BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No.           09-28689 (MBK)
Caption of Order:  FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                   COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R.
                   BANKR. P. 4001

the Debtor and the Committee reserve all of its rights to object thereto and challenge, among other things, the extent and validity of Wells Fargo's claims and liens.

  E.  **Pre-Petition Collateral**. It appears that Wells Fargo may have, subject to making a *prima facie* showing, properly perfected liens on certain of the assets of the Debtor at the commencement of this case, including the Debtor's accounts receivable, inventory and other collateral which is or may result in cash collateral.

  F.  **Cash Collateral**. "Cash Collateral" as defined by 11 U.S.C. §363(a) includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. §522(b) and as the term "proceeds" is described in UCC Section 9-306.

  G.  **Necessity and Best Interest**. The Debtor requires the continued use of cash collateral in order to operate its business and to finance its operations, absent which immediate and irreparable harm will result to the Debtor, its estate and creditors, and the prospects for a successful conclusion of the Chapter 11 case. In the absence of the continued use of cash collateral, it would be impossible for the Debtor to continue to operate its business, even for a limited period of time, and serious and irreparable harm to the Debtor, its estate and its creditors would occur. The Debtor does not have sufficient available sources of working capital and

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

| | |
|---|---|
| (Page 8) | |
| Debtor: | BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS |
| Case No. | 09-28689 (MBK) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 |

financing to operate its business in the ordinary course of business or to maintain its property without the continued use of cash collateral. The relief requested in the Motion is, therefore, of the utmost significance and importance to the preservation and maintenance of the Debtor's assets and the going concern value of the Debtor. The amount of Wells Fargo's cash collateral authorized to be used is not to exceed the amounts reflected under the heading "Operating Cash Disbursements" in the Debtor's 13-week summary cash flow attached to this Final Order as **Exhibit A** (the "Budget"); provided, however, that the Debtor may modify the Budget (the "Modified Budget") upon 48 hours notice to the Committee and Wells Fargo and if no objection is received then the Modified Budget shall supersede the Budget. In the event of an objection to the Modified Budget, the parties agree to an expedited hearing at the Court's earliest opportunity. Based on the record presented to the Court at the Hearings, the terms of the proposed adequate protection arrangements and the continued use of the cash collateral are fair and reasonable under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and is supported by reasonably equivalent value and fair consideration. Entry of this Final Order is in the best interests of the Debtor and its estate.

H.     **Purposes**.  The Debtor must be authorized to use the cash collateral of Wells Fargo to meet its ordinary cash needs (and for such other purposes as may be approved in writing by Wells Fargo) for the payment of actual expenses of the Debtor necessary to: (a) maintain and preserve its assets, and (b) continue operation of its business during its Chapter 11 case,

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August  28, 2009*

| | |
|---|---|
| (Page 9) | |
| Debtor: | BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS |
| Case No. | 09-28689 (MBK) |
| Caption of Order: | FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 |

including, without limitation, the payment of payroll and payroll taxes, insurance and other operating and necessary expenses as reflected in the Budget.

AND for good cause shown, IT IS ORDERED as follows:

1. **Use of-Cash Collateral**. The Debtor is authorized to use the cash collateral of Wells Fargo in accordance with the Budget, and subject to the 10% variance set forth in Paragraph 6 hereof, for purposes set forth on the Budget.

2. **Adequate Protection.** As adequate protection for use of cash collateral, Wells Fargo is GRANTED:

    (a) A replacement perfected security interest under 11 U.S.C. §361(2): (i) only to the extent the cash collateral of Wells Fargo is used by the Debtor and such use results in a diminution of the value of its interest in cash collateral to the extent that Wells Fargo is placed in an undersecured position, provided that any replacement lien in accounts receivable and inventory created post-petition shall be equal to or greater than the amount of accounts receivable that are converted to cash and spent by the Debtor in accordance with the Budget; (ii) only to the extent such pre-petition liens are valid; and (iii) with the same priority in the post-petition collateral and proceeds thereof of the Debtor that Wells Fargo held in the pre-petition collateral.

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 10)
Debtor: BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No. 09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

---

(b) The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Final Order without the necessity of Wells Fargo taking possession of its collateral or filing financing statements, mortgages or other documents.

(c) As additional adequate protection to Wells Fargo, the Debtor shall make monthly payments at the non-default rate of interest set forth in the Credit Agreement, commencing with a payment for the period July 2009, through the payment due for September 2009, payable on October 1, 2009 (the "Adequate Protection Payments"). The Debtor shall make the first of the Adequate Protection Payments on or before August 21, 2009, and all subsequent payments on or before the first of each month through October 1, 2009. Notwithstanding anything set forth herein to the contrary, the Pre-Petition Debt shall continue to accrue interest at the default rate set forth in the Credit Agreement from and after the Petition Date, and the rights of the Debtor and the Committee to object thereto are expressly reserved.

(d) Nothing herein shall constitute a finding that Wells Fargo has a valid lien on the cash collateral or any of the other assets of the Debtor. The Debtor reserves all of its rights concerning the validity, extent, and priority of any of the alleged liens of Wells Fargo. Notwithstanding the foregoing, but without prejudice to the rights of the Debtor set forth in this subparagraph, the Committee may (i) seek to avoid the pre-petition liens claimed by Wells Fargo or (ii) assert a challenge to the validity, perfection, priority of Wells Fargo's alleged pre-petition liens, <u>provided</u> that the Committee (which is hereby deemed to have automatic standing to file

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 11)
Debtor: BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No. 09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

any such pleading, objection or adversary proceeding without further order of the Court), shall have until sixty (60) calendar days from the date of entry of this Final Order (the "Objection Deadline"), within which to commence an adversary proceeding or to file any other pleading with the Court asserting an objection or defense with respect to Wells Fargo's alleged pre-petition liens; provided, further, however, that Wells Fargo shall provide counsel for the Committee with copies of all the prepetition loan documents and evidence of its perfection in the Debtor's assets (collectively, the "Loan Documents") by no later than August 19, 2009. If Wells Fargo does not provide counsel for the Committee with the Loan Documents by August 19, 2009, the Committee's Objection Deadline shall be extended commensurate with the delay in providing the applicable Loan Documents. If any such adversary proceeding or contested matter is timely commenced, nothing in the Interim Cash Collateral Orders or this Final Order shall otherwise prevent the Court from granting any appropriate relief regarding Wells Fargo's purported pre-petition liens. If no such complaint or other pleading is filed by the Objection Deadline, the Committee shall be barred from challenging Wells Fargo's pre-petition liens. The Committee and the Debtor reserve all other rights against Wells Fargo (and Wells Fargo reserves all of its rights, claims and defenses with respect thereto). In the event Wells Fargo's alleged lien is determined to be invalid, then the adequate protection provided hereunder to Wells Fargo shall be null and void.

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 12)
Debtor: BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No. 09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

(e)  The Debtor shall provide to Wells Fargo and the Committee's financial advisor, on a daily basis, borrowing base certificates (for informational purposes only) in accordance with the Debtor's practice pre-petition. In addition, on a weekly basis, the Debtor shall provide weekly and cumulative period-to-date actual to Budget variance reports. The Budget variance reports shall be provided as soon as practicable but in no event later than Thursday of the following week. The Debtor shall also provide Wells Fargo and counsel for the Committee with copies of its monthly United States Trustee operating reports.

(f)  By no later than October 1, 2009, the Debtor shall cause its independent certified public accountants to certify the physical inventory count as of June 28, 2009. Wells Fargo shall have the right to review all calculations, data and values used in connection with the certification of the physical inventory count. Such physical count of the inventory shall be certified to Wells Fargo by (i) an officer of the Debtor and (ii) by the Debtor's independent certified public accountants.

3.  **<u>Creditor's Rights of Inspection and Audit</u>**. Upon reasonable notice by Wells Fargo, the Debtor shall permit Wells Fargo and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which Wells Fargo holds a security interest and to audit the Debtor's cash receipts and disbursements.

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 13)
Debtor: BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No. 09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001

4. **No Obligation to Make Loans**. Nothing contained herein shall be deemed or construed to require Wells Fargo to make any loans or advances to the Debtor.

5. **Lockbox Accounts.** Consistent with the Interim Cash Collateral Orders, Wells Fargo and First State Bank, as the case may be, are ordered and directed to immediately transfer all funds collected in either of the Lockbox Account or the Blocked Account to the operating accounts at First State Bank (or as advised by the Debtor to any replacement operating account) maintained by the Debtor to which such funds belong. The Debtor shall have unfettered access to all funds collected pursuant to the terms of this Final Order and the Interim Cash Collateral Orders.

6. **Default Hearing.** In the event the Debtor defaults under or violates this Final Order, Wells Fargo may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours). For purposes of this Final Order, however, the Debtor shall not be deemed to be in default for any deviation from the Budget provided such deviation is not more than ten (10%) percent of the budgeted sales, collections or disbursements, either on a cumulative basis or with regard to any specific budgeted line item.

7. **Objections to Entry of Final Order Overruled.** All objections to the Motion or to entry of a final Order granting such relief, to the extent not withdrawn or resolved, are hereby overruled.

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

(Page 14)
Debtor:          BAMBOO ABBOTT, INC. T/A PRESTIGE WINDOW FASHIONS
Case No.         09-28689 (MBK)
Caption of Order: FINAL ORDER AUTHORIZING THE DEBTOR'S USE OF CASH
                 COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R.
                 BANKR. P. 4001

## **NOTICE**

IT IS FURTHER ORDERED that the Debtor serves a copy of this Order and Notice by first class mail, within one (1) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) counsel for Wells Fargo; and (c) counsel to the Committee. The Debtor shall thereafter file with the Clerk a Certificate of Service of said mailing.

46758/0001-5915654v7

*Approved by Judge Michael Kaplan August 28, 2009*

# EXHIBIT A

BAMBOO ABBOTT d/b/a
PRESTIGE WINDOW FASHIONS
CASH FORECAST - V2 SUBMISSION
**UPDATED AS OF 13 AUGUST 09**

| | Week1 W/E 26-Jul-09 Actual | Week2 W/E 2-Aug-09 Actual | Week3 W/E 9-Aug-09 Actual | Week4 W/E 16-Aug-09 | Week5 W/E 23-Aug-09 | Week6 W/E 30-Aug-09 | Week7 W/E 6-Sep-09 | Week8 W/E 13-Sep-09 | Week9 W/E 20-Sep-09 | Week10 W/E 27-Sep-09 | Week11 W/E 4-Oct-09 | Week12 W/E 11-Oct-09 | Week13 W/E 18-Oct-09 | 13 Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales | 1,109,000 | 1,020,000 | 1,023,000 | 1,050,000 | 1,100,000 | 1,100,000 | 950,000 | 1,100,000 | 1,100,000 | 1,150,000 | 1,150,000 | 1,200,000 | 1,200,000 | 14,252,000 |
| Total Cash Receipts | 1,146,000 | 982,000 | 858,300 | 1,100,000 | 892,000 | 1,081,000 | 992,000 | 1,017,700 | 1,047,000 | 1,097,000 | 1,097,000 | 948,000 | 1,097,000 | 13,355,000 |
| Operating Cash Disbursements | | | | | | | | | | | | | | |
| Raw Materials | 240,000 | 431,000 | 509,700 | 554,000 | 578,000 | 503,000 | 431,000 | 503,000 | 503,000 | 527,000 | 552,000 | 551,000 | 551,000 | 6,433,700 |
| Supplements | | | | | | | | | | | | | | |
| Turnils Supplement | 115,000 | | | | | | | | | | | | | 115,000 |
| UPS Supplement | 90,000 | | | | | | | | | | | | | |
| Payroll Supplement | 40,000 | 97,000 | | | | | | | | | | | | |
| Outbound Freight | 48,000 | 79,000 | 98,900 | 95,000 | 94,000 | 91,000 | 76,000 | 83,000 | 83,000 | 87,000 | 84,000 | 87,000 | 87,000 | 1,092,900 |
| Credit card fees | - | | 12,700 | | | | 13,000 | | | | 13,000 | | | 38,700 |
| Labor - Weekly includes taxes | 203,000 | 195,000 | 188,100 | 184,000 | 177,000 | 185,000 | 185,000 | 185,000 | 185,000 | 185,000 | 194,000 | 188,000 | 196,000 | 2,450,100 |
| Labor - Bi-weekly includes taxes | | 178,000 | | 150,000 | | 150,000 | | 150,000 | | 150,000 | | 150,000 | | 928,000 |
| Medical Benefits | | | | | 25,000 | 25,000 | 25,000 | 30,000 | 40,000 | 45,000 | 45,000 | 45,000 | 45,000 | 325,000 |
| Other benefits | 9,000 | | 12,500 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 41,500 |
| Rent I & II | | - | | 85,000 | 47,000 | | 85,000 | | 47,000 | | 85,000 | | 47,000 | 396,000 |
| Real Estate Taxes | | | | | | | | | | 42,000 | | | | 42,000 |
| Utilities Deposit | | - | | | 20,000 | | | | | | | | | 20,000 |
| Telco | | | - | 10,000 | | | 10,000 | | | | 10,000 | | | 30,000 |
| Gas & Electric | | | | 9,000 | | | 12,000 | | | | 12,000 | | | 33,000 |
| Water and Sewerage | | - | | 2,000 | | | 2,000 | | | | 2,000 | | | 6,000 |
| Insurance / General Liability | | | 20,500 | | | | 20,500 | | | | 20,500 | | | 61,500 |
| Leased Equipment | | | - | 5,000 | | | | 5,000 | | | | 5,000 | | 15,000 |
| Marketing Expenses | - | - | - | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 25,000 |
| Other Factory & Production Expenses | 4,000 | 3,000 | 2,500 | 2,500 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 57,000 |
| Selling Expenses | - | - | - | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 25,000 |
| Other G & A Expenses | 3,000 | 31,000 | 8,200 | 2,500 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 89,700 |
| Miscellaneous | 4,000 | - | - | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 29,000 |
| Total Opex Cash Flow | 756,000 | 1,014,000 | 853,100 | 1,108,500 | 960,500 | 973,500 | 879,000 | 1,017,500 | 877,500 | 1,013,500 | 1,037,000 | 1,045,500 | 945,500 | 12,481,100 |
| Debt Service & Restructuring Fees | | | | | | | | | | | | | | - |
| Debtor's Professionals | | | | | | | | | | 200,000 | | | | 200,000 |
| Creditor's Committee Prof'l Fees | | | | | | | | | | 100,000 | | | | 100,000 |
| Interest - Wells Fargo | | | | | 22,000 | | 22,000 | | | | 22,000 | | | 66,000 |
| US Trustee Fees | | | | | | | | | | | 13,000 | | | 13,000 |
| Total Chapter 11 Related | - | - | - | - | 22,000 | - | 22,000 | - | - | 300,000 | 35,000 | - | | 379,000 |
| Total Cash Outflows | 756,000 | 1,014,000 | 853,100 | 1,108,500 | 982,500 | 973,500 | 901,000 | 1,017,500 | 877,500 | 1,313,500 | 1,072,000 | 1,045,500 | 945,500 | 12,860,100 |
| Net Cash Flow by Week | 390,000 | (32,000) | 5,200 | (8,500) | (90,500) | 107,500 | 91,000 | 200 | 169,500 | (216,500) | 25,000 | (97,500) | 151,500 | 494,900 |
| Cumulative Net Cash Flow | 390,000 | 358,000 | 363,200 | 354,700 | 264,200 | 371,700 | 462,700 | 462,900 | 632,400 | 415,900 | 440,900 | 343,400 | 494,900 | |

*Approved by Judge Michael Kaplan August 28, 2009*