UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
ACTING UNITED STATES TRUSTEE, REGION 3
Fran B. Steele, Esq.  (FS 6336)
One Newark Center, Suite 2100
Newark, New Jersey 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 09-28689 (MBK) |
| Bamboo Abbott, Inc. , d/b/a |  |  |
| Prestige Window Fashions | : |  |
|  | : | Hearing Date: March 1, 2010 @ 11:00 a.m. |
| Debtor(s). | : |  |

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ACTING UNITED STATES TRUSTEE FOR AN ORDER CONVERTING THE CASE TO CHAPTER 7,  OR, IN THE ALTERNATIVE, DISMISSING THE CASE PURSUANT TO 11 U.S.C. §1112(b), AND 11 U.S.C. § 1112(4)(A)**

THE Acting United States Trustee, by and through counsel, in furtherance of her duties and responsibilities, hereby respectfully moves for an Order pursuant to 11 U.S.C. § 1112(b) Converting this Chapter 11 Case to a Chapter 7 Case, or in the Alternative, Dismissing the Case. Under 28 U.S.C. § 586(a)(8), the UST has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112.  This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33

F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

1. On July 19, 2009, the above-captioned debtor filed a voluntary petition for relief under Chapter 11 of title 11, United States Code, and has remained in possession of its property and management of its affairs.

2. An Unsecured Creditors' Committee has been appointed by the Acting United States Trustee.

3. Pursuant to 11 U.S.C.§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the debtor at the inception of the case.

4. The debtor has failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. The debtor has not filed Monthly Operating Reports with the United States Trustee since October 2009. The debtor's failure to file these reports hinders the Court's, the United States Trustee's and the creditors' ability to monitor the operation of the debtor. For example, in the absence of reports, it is impossible to determine whether the debtor is current with its post petition obligations or has paid the correct quarterly fees to the United States Trustee or has the ability to file a plan of reorganization within a reasonable period of time.

      5.      According to the last Monthly Operating Report filed, the debtor has incurred a loss in the amount of $768,945.00 since the date of filing. Accordingly, there is a substantial or continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation. Therefore, conversion is warranted pursuant to 11 U.S.C. § 111294)(A).

      6.      The debtor has not filed a Disclosure Statement and Plan of Reorganization.

      7.      11 U.S.C. § 1112(b)(1), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides:

> Except as provided in paragraph (2) of this subsection,[1] subsection (c) of this

---

[1] 11 U.S.C. § 1112(b)(2) states:

> The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>     (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>     (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) –
>         (i) for which there exists a reasonable justification for the act or omission; and
>         (ii) that will be cured within a reasonable period of time fixed by the court.

section,[2] and section 1104(a)(3),[3] on request of a party in interest and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

8.  "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

   (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

   (B) gross mismanagement of the estate;

   (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

   (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

   (E) failure to comply with an order of the court;

   (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

---

[2] 11 U.S.C. § 1112(c) states:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[3] 11 U.S.C. § 1104(a)(3) states:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the ACTING UNITED STATES TRUSTEE, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> ***
>
>     (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee is in the best interests of creditors and the estate.

      (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

      (H) failure timely to provide information or attend meetings reasonably requested by the Acting United States Trustee (or the bankruptcy administrator, if any);

      (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

      (J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

      (K) failure to pay any fees or charges required under chapter 123 of title 28;

      (L) revocation of an order of confirmation under section 1144;

9.     The reporting requirements mandate that (a) prior to confirmation, the Debtor file monthly operating reports within 20-30 days following the end of each month and (b) after confirmation, that the Debtor file quarterly reports within thirty days following the end of each calendar quarter.

10.     The Acting United States Trustee submits that conversion would be in the best interest of creditors. Conversion would result in the appointment of an independent trustee who would liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors.

      WHEREFORE, for the foregoing reasons, the Acting United States Trustee respectfully

requests that this Court enter an Order either Converting the Case to Chapter 7 or in the Alternative Dismissing the Case, and such other and further relief that is deemed just and equitable.

                                  Respectfully submitted,

                                  ROBERTA A. DeANGELIS
                                  ACTING UNITED STATES TRUSTEE
                                  REGION 3

                                  */s/ Fran B. Steele*
                                  Fran B. Steele
                                  Trial Attorney

DATED: February 2, 2010